UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XIN MA | : | |
| Plaintiff, | : | Civil Action No. 21-575 (JXN) (LDW) |
| v. | : | |
| | : | OPINION |
| XIANGQUN LI, *et al* | : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the motion to dismiss [ECF No. 3] filed by Defendants Xiangqun Li and Zonsen Peplib Biotech Inc. ("Zonsen" or "Peplib") (collectively, "Defendants"). Defendants seek to dismiss this matter based on the doctrine of *forum non conveniens*. For the reasons stated herein, Defendants' motion to dismiss [ECF No. 3] is **DENIED**.

I.   **FACTUAL BACKGROUND**

Plaintiff Xin Ma initiated this employment matter on September 11, 2020 by filing a Complaint in New Jersey Superior Court against Xiangqun Li, Zhong Quan Tai Ltd. and Zonsen Peplib Biotech Inc. *See* Compl., ECF No. 1-1 at 4. In her Complaint, Plaintiff alleges that she signed a 3-year employment contract with Defendant Peplib on August 12, 2019. *Id.* ¶ 8. This employment contract included, among other terms, a clause that states:

> In case of any dispute arising from the performance of this contract, Party A and Party B may apply for arbitration to the labor dispute arbitration committee with jurisdiction in the venue where Party A's company is located within one year after the dispute occurs.

Decl. of Xiangqun Li ("Li Decl.) at p. 15, ECF No. 3-2. According to the Complaint, Peplib is a subsidiary of Zhong Sheng Quan Tai Ltd., with a principal place of business located at 21 Bridge St., Metuchen, New Jersey. Compl. ¶ 3. Peplib provides peptide drug discovery and development services for pharmaceutical and biotech companies. *Id.* ¶ 5. Plaintiff alleges that during her employment, she worked weekends, holidays, and generally worked for more than 40 hours each week. *Id.* ¶¶ 11-12. Plaintiff further alleges that, despite these long hours, Defendant Peplib failed to pay her overtime compensation and to maintain proper employment records as required by the federal and state labor law statutes. *Id.* ¶¶ 13-14. After reporting her complaints to Defendant Xiangqun Li, the CEO of Peplib, Plaintiff alleges that she was terminated from Peplib on December 29, 2019. Thereafter, Plaintiff initiated this lawsuit alleging the following causes of action: 1) violation of the New Jersey State Wage Payment Law ("NJSWPL") for unpaid wages (Count I); 2) violation of the Fair Labor Standards Act for unpaid overtime pay (Count II); 3) violation of New Jersey Wage and Hour Law for unpaid overtime pay (Count III); 4) retaliation under the FLSA; 5) retaliation under the NJSWPL; 6) retaliation under the NJWHL; and 7) breach of contract. *See* Compl.

Defendants removed this action to the District of New Jersey on January 12, 2021. Notice of Removal, ECF No. 1. Following removal, Defendants moved to dismiss Plaintiff's Complaint based on the doctrine of *forum non conveniens*. Defs.' Br., ECF No. 3-1. Defendant Xiangqun Li contends that this action should be litigated in China because it will be "Excessively Burdensome" to litigate in New Jersey. Li Decl., at 4 § V. In support of this position, Defendant Xiangqun Li states that he lives and works in China and that "Zonsen maintains no office, facility, or property in New Jersey, has no customers in New Jersey, and does no business in New Jersey." *Id.* at 4, ¶¶ 28, 29. Defendant Xiangqun Li further states that all witnesses pertinent to this litigation live in

China and are not available in New Jersey. *Id.* at 4, ¶ 31. Defendant Xiangqun Li claims that Plaintiff lives in China, is a Chinese citizen, and as such can litigate these claims in China. *Id.* at 4, ¶¶ 32–33. Lastly, Defendant Xiangqun Li contends that all the parties' and witnesses' primary language is Mandarin. *Id.* at 5, ¶ 34.

In response, Plaintiff contends that she is a United States citizen and a New Jersey resident. Pl.'s Br. at 3, ECF No. 5. Plaintiff argues that throughout her employment with Peplib, she performed her duties in New Jersey. *Id.* at 3. Plaintiff further argues that the key witnesses for this litigation have significant ties to the United States, including the fact that many are United States citizens, permanent residents of the United States, and can communicate in English. *Id.* at 4. Plaintiff contends that her statutory claims should not be dismissed because her claims are based on federal and New Jersey law and cannot be properly adjudicated in China. *Id.* at 3-4. More importantly, Plaintiff argues that she requested to arbitrate in China, but that request was rejected. *Id.* at 3. Thus, Plaintiff contends that arbitration pursuant to the purported forum selection clause is no longer an option. *Id.*

## II.  ANALYSIS

Defendants seek to dismiss the instant litigation based upon the presence of a forum selection clause in the parties' employment agreement. *See* Defs.' Br., ECF No. 3-1.

There are two kinds of forum-selection clauses: mandatory and permissive. *See K & V Scientific Co., Inc. v. Bayerische Motoren Weke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002). A mandatory forum-selection clause requires the parties to bring a dispute to the previously selected forum. *Id.* (citing *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (1997)). Mandatory forum-selection clauses "contain clear language showing that jurisdiction is appropriate only in the designated forum." *Id.* A permissive forum-selection clause,

however, "authorize[s] jurisdiction in a designated forum, but do[es] not prohibit litigation elsewhere." *Id.* Where it is unclear whether a forum-selection clause is mandatory or permissive, contract ambiguities should be construed against the drafter. *See Integrated Health Resources, LLC v. Rossi Psychological Group, P.A.*, 537 F. Supp.2d 672, 676 (D.N.J. 2008).

In this case, the forum-selection clause provides in pertinent part:

> In case of any dispute arising from the performance of this contract, Party A and Party B **may** apply for arbitration to the labor dispute arbitration committee with jurisdiction in the venue where Party A's company is located within one year after the dispute occurs.

Li Decl. at p. 15, ECF No. 3-2 (emphasis added). Here, the Court concludes that the forum selection clause is permissive. The inclusion of the modifier "may" evidences the parties' intent that the location of Party A is not the only forum in which disputes arising from the contract can be brought.

Given that the forum selection clause here is permissive, the Court will analyze the following factors: "(1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors." *Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*, No. CIV.A. 13-4770 SDW, 2014 WL 4724625, at *2 (D.N.J. Sept. 23, 2014) (citing *Tech. Dev. Co., Ltd. v. Onischenko*, 174 F. App'x 117, 119–20 (3d Cir. 2006)). It is Defendants' burden to demonstrate that an adequate alternative forum exists as to all defendants and that public and private interest factors weigh heavily for dismissal. *See id.* (citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 44 (3d Cir. 1988) ("*Lacey I*")).

### A. Availability of an Alternative Forum

In determining whether the permissive forum-selection clause should be enforced, the Court must first determine the availability of an alternative forum. An alternative forum is available and appropriate when: (1) the defendant is amenable to process in that jurisdiction; and (2) the lawsuit subject matter is cognizable in the alternative forum and provides the plaintiff with redress. *Networld*, 2014 WL 4724625, at *3 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). In rare circumstances where another jurisdiction has a clearly unsatisfactory remedy, "the threshold requirement will not be met, and the court will find dismissal improper." *Id.* Here, Defendants satisfy the first prong by consenting to the jurisdiction of China. *See* Defs.' Br. at 21 (citing Li Decl., ¶ 37).

Notwithstanding the above, Defendants have not shown that the lawsuit is cognizable in the alternative forum, nor that Plaintiff would be provided redress. In *Networld*, the Court held that the defendants satisfied the second factor because they submitted a declaration declaring that the alternative forum recognized the plaintiff's causes of action, permitted the exchange of statements, documents, and records bearing on the matters relating to the dispute, and had the power to compel witnesses to testify at trial. *Id.* at *3-4. Defendants, here, have not made such a showing. More importantly, Plaintiff originally sought to arbitrate her claims in China, but her request was denied. Pl.'s Br. at 3. Accordingly, the Court finds that China is not an adequate alternative forum.

### B. Deference to be Accorded to Plaintiff's Choice of Forum

Given the presence of a permissive forum-selection clause, it is appropriate to give less deference to Plaintiff's choice of forum. *Networld*, 2014 WL 4724625, at *5 (citing *Kroger, Inc. v. O'Donnell*, No. 07-3091 2007 WL 3232586, at *3 (D.N.J. Oct. 31, 2007) (upholding then-

Magistrate Judge Shwartz's determination that a native plaintiff's forum choice should be given less deference in the face of a permissive forum selection clause)); *see also Princeton Football Partners LLC v. Football Ass'n of Ir.*, No. 11–5227, 2012 WL 2995199, at *6 n. 6 (D.N.J. July 23, 2012); *Monach Envtl., Inc. v. Velocitor Solutions*, No. 11–3041, 2011 WL 4499270, at *3 (D.N.J. Sept. 27, 2011).

### C. Private and Public Interest Factors

Courts must balance several public and private interest factors to determine whether the factors weigh in favor of dismissal or if they outweigh plaintiff's choice of forum. *Kroger*, 2007 WL 3232586 at *4. Even though less deference is accorded to Plaintiff's choice of forum, Defendants must prove that the private and public interest factors strongly outweigh this choice. *Id.* (citing *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 640 (3d Cir. 1989)). As recently reiterated by the Third Circuit:

> Private interests to consider include the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial. Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty.

*Networld*, 2014 WL 4724625, at *5 (citing *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013)). Dismissal, however, is not appropriate just because private and public interest factors do not favor retaining jurisdiction; instead, the defendant must prove that the choice of forum is "vexatious and oppressive to [defendants] out of all proportion to [plaintiff's] convenience." *Kroger*, 2007 WL 3232586 at *4 (citing *Piper*, 454 U.S. at 241).

6

### i. *Private Interest Factors*

Defendants argue that the private interest factors favor dismissal. First, Defendants contend that the parties reside or are based in China and "all the defense witnesses live and work in China." Defs.' Br. at 23. In response, Plaintiff contends that she is a United States citizen who worked and resided in New Jersey throughout her employment. Pl.'s Br. at 24. Plaintiff also identified at least two non-party witnesses who are United States citizens and New Jersey residents. *See id.* (identifying Zhuying Wang and Qunhua Mao as key witnesses). The Court recognizes that the location of some of the parties and potential witnesses may cause some conflicts, but, as Plaintiff correctly notes, "given today's technologies, it is generally easy for the parties [and witnesses] to participate in court proceedings remotely." *Id.* at 25. Thus, this factor does not weigh in favor of dismissal.

Defendants also contend that Plaintiff and all witnesses speak Mandarin and "all records relating to the case, including the Contract and those relating to Zonsen's payroll are in China." Defs.' Br. at 23. Even if that were true, this factor does not strongly weigh in favor of dismissal because Defendants have not submitted any evidence that the parties would not be able to secure necessary interpreting and translation services for the parties to adequately litigate their disputes in this Court. In fact, in connection with the instant motion, Defendants provided a certified English translation of the alleged contract between Plaintiff and Defendants. *See* Ex. 2 at p. 11-16, ECF No. 3-2. Moreover, this Court has recognized that the location of books and records is accorded much less deference in the digital age, when document production can occur electronically. *See Networld*, 2014 WL 4724625, at *5 (citing *Mercedes–Benz USA, LLC v. ATX Group, Inc.*, 2009 WL 2255727, at *4 (D.N.J. July 27, 2009); *GlaxoSmithKline Consumer*

7

*Healthcare, L.P. v. Merix Pharma. Corp.*, No. 05–898, 2005 WL 1116318, at *8 (D.N.J. May 10, 2005)). Accordingly, the private interest factors weigh in favor of Plaintiff.

### ii.  *Public Interest Factors*

Defendants argue three public interest factors favor dismissal. First, Defendants argue that this Court's congestion favors arbitration in China. Defs.' Br. at 18. Defendants claim that it takes an average of 496.3 days to resolve contract disputes in China compared to 37.1 months in this district. *Id.* While that may be true, the Court notes that six of the seven causes of actions asserted in Plaintiff's Complaint concern violations of New Jersey state and federal law—not contract claims. *See* Compl. (Counts I-VI). Moreover, Defendants have submitted no evidence demonstrating that this Court will have any difficulties managing this case. Thus, this factor does not weigh in favor of dismissal.

Second, Defendants argue that there is a strong local interest in having this matter decided in China because the dispute arises out of a contract negotiated and formed in China. *Id.* at 19. Regardless of where the parties' contract was negotiated and executed, Plaintiff's claims are based on an employment dispute matter arising from Defendants' alleged failure to pay the required wages under New Jersey and federal law, among other violations. *See* Compl. As noted in Plaintiff's Complaint and opposition brief, Plaintiff is a New Jersey resident and Defendant Peplib is a company with a principal place of business in Metuchen, New Jersey. *See* Compl. ¶¶ 1,3; *see also* Pl.'s Br. at 3, ECF No. 5. New Jersey has a strong interest in adjudicating this dispute because Plaintiff is a New Jersey resident who performed her obligations in New Jersey for a New Jersey company. Thus, this factor does not weigh in favor of dismissal.

Finally, Defendants argue that it would be unfair to burden New Jersey citizens with jury duty. *Id.* As Plaintiff correctly notes, "[t]his action involves a U.S. citizen who resided in New

Jersey at all material times, and who suffered damages from her employment relationship with a New Jersey Company." Pl.'s Br. at 30. A dispute involving a New Jersey resident and company for violations of New Jersey law will not unfairly burden the citizens of New Jersey should they be required to serve as a juror.

As set forth above, even when affording Plaintiff's forum selection less deference, Defendants have not established that the private and public interest factors outweigh Plaintiff's choice of this forum such that dismissal is warranted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 3] is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: April 20, 2022

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE