**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XIN MA,<br><br>Plaintiff,<br><br>v.<br><br>XIANGQUN LI, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>21-575 (JXN) (LDW)<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of an October 31, 2023 telephone conference before the undersigned held on the record, but without an interpreter, which impeded the Court's ability to communicate with and understand *pro se* plaintiff Xin Ma – whose native language is not English; and

**WHEREAS** on September 21, 2023, defendants filed a motion to compel plaintiff to (1) appear for her noticed deposition in New Jersey, (2) respond to Defendants' Second Request for Production of Documents to Plaintiff, and (3) respond to Defendants' Second Set of Interrogatories to Plaintiff. (ECF No. 74); and

**WHEREAS** on October 15, 2023, plaintiff served responses to Defendants' Second Set of Interrogatories and Defendants' Second Request for Production of Documents. (ECF No. 81); and

**WHEREAS** defense counsel confirmed at the October 31, 2023 telephone conference that plaintiff's written responses partially moot the motion to compel, but there is an outstanding dispute regarding plaintiff's objection to Interrogatory No. 4, which asks plaintiff to identify her social media accounts; and

**WHEREAS** with respect to compelling plaintiff's deposition, plaintiff informed the Court that she currently resides in mainland China and will not travel to the United States for an in-

person deposition or to another country for a remote deposition this calendar year because she is awaiting a decision from the Intermediate People's Court of Zhuzhou City in China in another matter. (ECF No. 73-1); and

**WHEREAS** plaintiff has previously indicated that she "refuses" to sit for deposition because she is not an attorney. (*Id.*); and

**WHEREAS** defendants are entitled to depose the plaintiff, and this matter cannot proceed unless and until she appears for deposition. *See Bell v. LVNV Funding LLC*, Civ. A. No. 21-14152, 2022 WL 19558027, at *2-3 (D.N.J. Dec. 8, 2022) (recommending dismissal of action due to *pro se* plaintiff's failure to provide discovery); *Wu v. Sushi Nomado of Manhattan, Inc.*, Civ. A. Nos. 17-4661, 18-1126, 2021 WL 7186735, at *8-9 (S.D.N.Y. Oct. 29, 2021) (recommending sanctions against plaintiff in mainland China who failed to make himself available for deposition in a manner consistent with Chinese law);and

**WHEREAS** because she is unable to give her deposition from mainland China, and has also indicated that she "refuses" to appear for deposition, plaintiff has three options for how to proceed: (1) if she persists in her refusal to make herself available for deposition, the Court will recommend that her claims be dismissed in accordance with *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984); (2) if she is only temporarily unable to appear for deposition, she may request that the case be stayed for a period of no more than six months so that she can make the necessary arrangements to travel to New Jersey for deposition or to another country where she can give her deposition remotely; or (3) plaintiff can dismiss her claims voluntarily if she is no longer willing to provide discovery or no longer wishes to pursue this case; therefore,

**IT IS** on this day, November 1, 2023, **ORDERED** that:

1. Pursuant to Local Civil Rule 37.1(a), defendants shall file a dispute letter setting forth their application to compel plaintiff to identify her social media accounts in response to Interrogatory No. 4 on or before **November 10, 2023**.
2. Plaintiff shall file a response to defendants' discovery dispute letter on or before **November 17, 2023**.
3. Defendants' motion to compel plaintiff to appear for deposition is **GRANTED**.
4. Plaintiff is directed to file a letter on or before **November 8, 2023** informing the Court how she would like to proceed in this matter – that is, whether she refuses to appear for deposition, requests a stay, or wishes to voluntarily dismiss this action.
5. The Clerk of Court is directed to terminate the motion at ECF No. 74.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge